HENRY H. MACOM et al., Appellants, v. ARTHUR F. BREWSTER.

Division One, March 4, 1918.

1. **LOTS: Description According to Plat: Variance from Courses and Measurements.** The ordinary rule as to the conclusiveness of courses, distances and monuments is suspended by applying the doctrine of estoppel, by the recitals of his deed, to any person holding a conveyance wherein his land is described according to the lines and measurements set out in the public plat.

2. ———: ———: ———: **Question of Fact: Rule on Appeal.** Where the parties took their respective deeds from a commissioner in partition, and the lots conveyed thereby were bounded according to the lines and measurements and designations as laid out in the public plat, and there is evidence tending to show that the application of the locations and measurements of the lots according to their descriptions in the public plat would leave the fifty feet of ground, and the house built thereon after the deeds were made, on defendant's lot, a finding on the count in ejectment by the trial court, sitting as a jury, in accordance with that evidence, absent error, is not reviewable on appeal.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard*, Judge.

AFFIRMED.

*Sheppard & Sheppard* for appellants.

(1) The court erred in refusing to permit appellants to prove that the city had passed an ordinance to pave Davidson Street, as this would have shown that this street had been recognized by the city where it is now located. Mayville v. Truex, 235 Mo. 619. (2) The court erred in permitting the plat made by Thomes to be introduced in evidence, for the reason that it was not shown to be correct, and was not a plat of the addition containing the lots and streets in dispute. (3) The court erred in finding for the defendant on the first count of the petition, for the reason that the finding was against all the evidence produced at the trial. The evidence clearly shows that this Davidson's Addition was platted as an entirety; that there is an excess of land in the same and this excess should have been apportioned between the several owners so as to not disturb the lines of all the lots and streets in the addition. 9 C. J. (sec. 360) p. 295; Gloyd v. Franck, 248 Mo. 468; Crawford v. Ahrens, 103 Mo. 88; Williams v. St. Louis, 120 Mo. 403; Maysville v. Truex, 235 Mo. 619; Porter v. Gaines, 151 Mo. 560. (4) The court erred in finding that respondent was not in possession of any part of lot 32 at time of filing of suit.

*D. W. Hill* and *Sam M. Brewster* for respondent.

(1) The court passed upon a square issue of fact in a lawsuit and the result is final. Chilton v. Nickey, 261 Mo. 242; Jackson v. Miller, 195 S. W. 703; Hatton v. St. Louis, 264 Mo. 634. (2) "The lines of the plat as actually located on the land, if known, would under our statutes control over monuments and other surveys." Jackson v. Miller, 195 S. W. 703; Laddonia v. Day, 265 Mo. 397; Sec. 10294, R. S. 1909. (3) I. M.

Davidson, as proprietor of "Davidson's Addition," caused to be made an accurate map or plat thereof, in compliance with all of the requirements of law, and its calls must control. Sec. 10290, R. S. 1909; Laddonia v. Day, 265 Mo. 397. (4) The deed under which appellants claim conveys: "Lot 32 in Davidson's Addition, as shown on page 11 of Plat Book in Recorder's office," etc. This binds and estops appellants from claiming other than as shown by said plat. Laddonia v. Day, 265 Mo. 397; Bast v. Mason, 165 Mo. App. 727; Jeffords v. Dreisbach, 168 Mo. App. 577; Longworth v. Sedevic, 165 Mo. 229; Lindsay v. Smith, 178 Mo. 189; 9 C. J., section 50, p. 180; Jefferis v. Land Co., 134 U. S. 194; Cragin v. Powell, 128 U. S. 696. The true divisional line between lots 32 and 39, as contended by respondent, is in absolute accord and harmony with the recorded plat, natural topographical monuments and courses and distances. To adopt appellants' theory would be to disturb, misplace and dislocate every lot in Davidson's addition, and thereby entail useless, endless and wasteful litigation. Natural, topographical monuments control, especially when in accord with the recorded plat, which reflects the intention of the dedicator. Freisz v. Butcher, 191 S. W. 66. (8) The *onus* was on appellants to prove by a preponderance of the evidence that respondent was in possession of the lot in suit; the court, in sitting as a jury, in its special finding of facts, says they failed in this, which is conclusive. Chilton v. Nickey, 261 Mo. 242.

BOND, P. J.—I. At a partition sale plaintiffs and defendant acquired title to adjoining lots, numbered 32 and 39, of Davidson's Addition to the city of Poplar Bluff, Missouri. On July 14, 1913, commissioner's deeds to said lots 32 and 39 were duly executed and delivered to plaintiffs and defendant, respectively. Each deed located the lot then conveyed according to the measurements stated in the plat. Afterwards a house was built on what was shown by the plat of the subdivision to be lot 39. On March 4th, 1914, a dispute having arisen over the boundary line, this suit was

instituted. The petition seeks to determine the boundary between lots 32 and 39, and eject defendant on the allegation that his house was located on lot 32, if correctly bounded.

In his answer defendant disclaimed any interest in lot 32 and denied that he was in possession of premises other than lot 39, upon which his house stands.

On the trial a jury was waived, and the evidence shows that the controversy arose over a difference of opinion as to the measurements of the lots comprising Davidson's Addition as platted and the actual measurements of the surface of the ground; that this difference in the two measurements is a matter of about fifty feet. The evidence tended to show that according to actual measurement of the surface of the ground the house of the defendant Brewster is on lot 32, but that a straight line running from Elm Street (conceded by all surveyors to be a proper starting point), running north, the distance specified on the plat would place the house on lot 39. There was also evidence tending to prove that if College Street should be located as prescribed on the dedicating plat, there would be no excess in the dimensions of the lots.

The court found on the second count in ejectment, among other things, as follows:

"That the two-story house mentioned in the evidence at all times has been located entirely on Lot 39, in Davidson's Addition, which Lot 39 is owned by the defendant and adjoins Lot 32. The court further finds that there is no surplus land not platted in Davidson's Addition, and that the deeds of plaintiff and that of defendant properly describe their respective holdings according to the original plat of Davidson's Addition, introduced in evidence from page 11 of the Plat Book and referred to in the commissioner's deed under which plaintiffs hold, and in the commissioner's deed under which defendant holds."

On the above finding the court gave judgment for defendant, from which plaintiffs appealed.

II. This case must be governed by the rule announced by this court construing the statutes providing for plats of cities. [R. S. 1909, secs. 10290-10294, incl.] With that object this court recently said that the ordinary rule as to the conclusiveness of courses, distances and monuments should be suspended by applying the doctrine of estoppel, by the recitals of his deed, to any person holding a conveyance wherein his land is described according to the lines and measurements set forth on the public plat. [Laddonia v. Day, 265 Mo. l. c. 397; Jackson v. Miller, 195 S. W. 703.]

In this case the additional abstract discloses that the parties took their respective deeds from a commissioner in partition and that the lots so conveyed were bounded according to the lines and measurements and designations as laid out in the public plat of Davidson's Addition to the city of Poplar Bluff. There was evidence tending to show that the application of the locations and measurements of the lots according to their description in the public plat would leave the house on lot 39, which is owned by defendant. The trial court, sitting as a jury, found in accordance with that testimony.

In the absence of error on the trial (not disclosed in the record) that finding is not reviewable on appeal. The result is that the judgment of the trial court is affirmed. It is so ordered. All concur.